UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEAN PHENOLD,

Petitioner,

v. Case No.: 2:26-cv-02693-SPC-KRH

DAVID HARDIN *et al.*,

Respondents.

_______________________________/

**OPINION AND ORDER**

Before the Court are Jean Phenold's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Phenold is a native and citizen of Haiti, where he worked for an organization that sought to defend rights and reduce crime. He fled to Chile after gang members attacked him and set his house on fire. On January 5, 2023, Phenold entered the United States via a pedestrian bridge in Brownsville, Texas to seek asylum. U.S. Customs and Border Protection (CBP) commenced removal proceedings by issuing a notice to appear and released him into the country pending a result in his immigration case. Since then, Phenold has complied with all terms of supervision, applied for asylum, and obtained work authorization and a driver's license. He has no criminal history. On August 2, 2026, Immigration and Customs Enforcement officers arrested

Phenold because of his immigration status. He remains detained at Glades County Detention Center.

Phenold claims his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. In response, the government confirms it will not conduct a bond hearing because it considers Phenold an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Phenold's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Phenold's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Phenold is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration

of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Phenold's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Phenold's detention serves neither purpose. Since entering the country, Phenold has done everything right. He timely applied for asylum based on his fear of gang violence in his home country and complied with all immigration requirements. With his asylum application pending, he has a plausible pathway to lawful residence and thus ample incentive to continue participating in his immigration case. The record is devoid of any evidence suggesting Phenold is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal history whatsoever.

For these reasons, the Court finds that the government violated Phenold's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Jean Phenold's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Phenold and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record